IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| | § | |
| FLOYD STEARNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:08-CV-074-C |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | Assigned to United States |
| Defendant. | § | Magistrate Judge |

## MEMORANDUM ORDER AND OPINION

**THIS CASE** is before the court upon Plaintiff's complaint filed November 3, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act.  Plaintiff filed a brief in support of his complaint on May 19, 2009, and Defendant filed a brief on June 16, 2009.  The parties consented to having the United States magistrate judge conduct all further proceedings in this case on November 3, 2008 (Doc. 5), and February 1, 2009 (Doc. 17). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be reversed and that this case should be remanded for further administrative proceedings.

## I.   STATEMENT OF THE CASE

Plaintiff filed applications for disability insurance benefits and for SSI benefits on July 8, 2002, with a protective filing date of April 1, 2002, for the SSI application, alleging disability beginning June 30, 1998. Tr. 14, 39, 168-70. Plaintiff's applications were denied initially and upon

reconsideration.  Tr. 14, 39, 87-90, 92-98.  Plaintiff filed a Request for Hearing by Administrative Law Judge on March 27, 2003, and this case came for hearing before the Administrative Law Judge ("ALJ") on October 26, 2004.  Tr. 39, 86, 1383-1413.  Plaintiff, represented by a non-attorney, testified in his own behalf.  Tr. 1386-1407.  Jerry Taylor, a vocational expert ("VE"), appeared and testified as well.  Tr. 1408-11.  The ALJ issued a decision unfavorable to Plaintiff on December 1, 2004.  Tr. 36-50.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  He found that Plaintiff met the disability insured status requirements on June 30, 1998, and that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision.  Tr. 40.  Plaintiff has "severe" impairments, including non-insulin-dependent diabetes mellitus, exercise-induced ischemia, degenerative changes in his lumbosacral, cervical, and thoracic spine, peripheral sensory neuropathy in his upper extremities, hypothyroidism, mild bilateral carpal tunnel syndrome, major depressive disorder, recurrent, mild, post-traumatic stress disorder, antisocial personality traits, and personality disorder not otherwise specified.  *Id*.  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  *Id*.  Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 45.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible.  Tr. 44.

The ALJ found that Plaintiff could not return to his past relevant work as a maintenance man. Tr. 48.  He noted that Plaintiff was considered a "person of advanced age" with a high school education.  20 C.F.R. §§ 416.963, 416.964; Tr. 48.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of medium work activity, limited to jobs that do not require more than superficial contact with the public.  Tr. 48.  Having found that Plaintiff could not perform the full range of medium work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments.  Tr. 48-49.  He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of janitor, with 14,000 jobs in Texas and 190,000 jobs nationally; dishwasher, with 32,000 jobs in Texas and 400,000 jobs nationally; groundskeeper, with 52,000 jobs in Texas and 420,000 nationally; and building maintenance man, with 88,000 jobs in Texas and 1,200,000 jobs nationally.  *Id*.  The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision.  Tr. 49.

Plaintiff submitted a Request for Review of Hearing Decision/Order, and on April 13, 2006, the Appeals Council remanded this case back to the ALJ for further proceedings.  Tr. 74-77.

On June 29, 2007, the ALJ held a hearing.  Tr. 14, 364-82, 1364-82.  Plaintiff, again represented by a non-attorney, testified in his own behalf.  Tr. 1368-79.  Michael Driscoll, a vocational expert ("VE"), appeared and testified as well.  Tr. 1379-82.  The ALJ issued a decision unfavorable to Plaintiff on August 22, 2007.  Tr. 11-27.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act.  He found that Plaintiff met the disability insured status requirements on June 30, 1998, through December 31, 2004, and that Plaintiff had not engaged in substantial gainful activity at any time relevant to his decision.  Tr. 15.  Plaintiff has "severe" impairments, including non-insulin-dependent diabetes mellitus, exercise-induced ischemia, degenerative changes in his lumbosacral, cervical, and thoracic spine, peripheral sensory neuropathy in his upper extremities, hypothyroidism, mild bilateral carpal tunnel syndrome, dizziness, bilateral sensorineural hearing loss, early osteophytes in his right knee, major depressive disorder, recurrent, mild, post-traumatic stress disorder, antisocial personality traits, and personality disorder not otherwise specified.  *Id*.  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  *Id*.  Therefore, the ALJ was again required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 20.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning his impairments and their impact on his ability to work were not entirely credible.  *Id*.

The ALJ found that Plaintiff could not return to his past relevant work.  Tr. 25.  He noted that Plaintiff was considered a "person of advanced age" with a high school education.  20 C.F.R. §§ 416.963, 416.964; Tr. 26.

The ALJ found that Plaintiff retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of medium work activity, limited to jobs that do not require more than superficial contact with the public; that do not require driving; and that do not require working around dangerous moving machinery or at unprotected heights. Tr. 25. Having found that Plaintiff could not perform the full range of medium work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite his severe impairments. Tr. 26-27. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of sandwich maker, with 5,900 jobs in Texas and 187,000 jobs nationally; hospital cleaner, with 8,410 jobs in Texas and 264,000 jobs nationally; and automobile detailer, with 3,900 jobs in Texas and 157,000 jobs nationally. *Id*. The ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 27.

Plaintiff submitted a Request for Review of Hearing Decision/Order on October 23, 2007. Tr. 9-10. The Appeals Council denied Plaintiff's request and issued its opinion on July 10, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 6-8. The ALJ's decision, therefore, became the final decision of the Commissioner.

On November 3, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the

Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 26-27.

## III.   DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to properly evaluate Plaintiff's mental impairment and failed to properly evaluate Plaintiff's hearing impairment. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to

determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.      Whether the ALJ erred in evaluating Plaintiff's mental impairment**.

Plaintiff alleges that the ALJ erred in evaluating his mental impairment in several respects. He argues that the ALJ failed to recognize all of the limitations imposed by his mental impairment, failed to incorporate such limitations into the RFC determination, and failed to determine whether Plaintiff could maintain employment.

If the ALJ determines that the claimant has a medically determinable mental impairment, he must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment.  20 C.F.R. §§ 404.1520a; 416.920a.  He is required to evaluate the degree of functional loss resulting from Plaintiff's mental impairments as set forth in 20 C.F.R. §§ 404.1520a and 416.920a.  *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).  The ALJ must evaluate the claimant's limitations in four functional areas:  activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, the part "B" criteria.  A five-point scale is used to rate the degree of limitation in the first three of those functional areas.  20 C.F.R. § 416.920a (c)(1)-(4).  These four separate areas are deemed essential for work.  *Boyd*, 239 F. 3d at 705 (citing 20 C.F.R. § 404.1520a(b)(3)).  The written decision of the ALJ must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas described.   20 C.F.R. § 416.920a(e)(2).   The PRTF represents one way in which such findings may be documented.  20 C.F.R. § 404.1520a(e).  After the ALJ rates the degree of functional limitation resulting from any mental impairment(s), the ALJ determines the severity of such impairment(s).  20 C.F.R. § 416.920a(d).  If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment "not severe" at step 2 of the sequential evaluation process.  20 C.F.R. § 404.1520a(c)(1).  If the ALJ finds

that the mental impairment is "severe" under 20 C.F.R. § 404.1520a(c)(1), the ALJ must then determine if it meets or equals a listed mental disorder under 20 C.F.R. Pt. 404, Subpt. P, app. 1, 12.00-12.09 and 20 C.F.R. § 404.1520a(c)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Boyd*, 239 F.3d at 705.

In evaluating mental disorders under the Listing of Impairments, the Commissioner first considers whether the claimant has a medically determinable mental impairment. *See* 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00. Upon such a determination, the Commissioner then considers the criteria set forth in paragraphs B and C, which describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. *Id.* The functional limitations in paragraphs B and C must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings. *Id.* The Commissioner will first consider the paragraph B criteria before the paragraph C criteria and will assess the paragraph C criteria only if it is found that the paragraph B criteria are not satisfied. *Id.* The claimant will be found to meet a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied, thereby establishing presumptive disability. 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs and laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).   A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity."  *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In this case the ALJ found that Plaintiff had a "severe" combination of impairments which included mental impairments.  The ALJ noted that Plaintiff has a history of post-traumatic stress disorder ("PTSD").  Tr. 18.  The ALJ noted Plaintiff's report of flashbacks four times per month. *Id*.  The ALJ noted the report of the consultative psychiatric examiner, who indicated that Plaintiff reported a history of PTSD, a history of living alone in the forest, a conviction and incarceration for manslaughter committed during a flashback, and four thwarted suicide attempts.  *Id*.  The ALJ noted Plaintiff's report of getting along well with others.  Tr. 18.  The ALJ noted Plaintiff's reprot of attending church three or four times per week.  *Id*.  The ALJ noted Plaintiff's in-patient treatment for his PTSD in 2002 and his diagnosis of PTSD with anger episodes.  Tr. 19.  The ALJ noted Plaintiff's in-patient treatment in July 2003 after complaining of an inability to tolerate people and an increase in irritability, anxiety, and flashbacks.  *Id*.  The ALJ noted Plaintiff's report of having held 600 jobs since returning from Vietnam due to difficulty getting along with others, particularly authority figures, and his report of working as a pastor and photographer.  *Id*.  The ALJ noted that a psychologist opined that Plaintiff's primary diagnosis was personality disorder, NOS, with a history of PTSD, major depressive disorder, recurrent, mild, and antisocial personality traits.  *Id*. The ALJ noted that in June 2004, a psychological consultative examiner noted Plaintiff's report of not liking crowds and having a few good friends from church, getting along well with others so long

as he was on his medication and being hostile without such medication, and a history of losing jobs due to his temper and hitting his bosses. *Id.* The examiner opined that Plaintiff would have difficulty in maintaining employment. *Id*. The examiner opined that Plaintiff had marked limitations in his ability to interact appropriately with the public, supervisors, and co-workers, and an extreme limitation in his ability to respond appropriately to work pressures in a usual work setting. *Id*.

The ALJ opined that Plaintiff has exhibited no difficulty whatsoever getting along with others despite his statements to the contrary. Tr. 24. The ALJ found that Plaintiff's mental impairments have created moderate difficulties in maintaining social function. *Id.* The ALJ indicated that "[c]areful evaluation of the evidence regarding Mr. Stearns' mental impairments warrants a finding that he should be limited in his contact with the public" but found that the record did not support any further limitations. Tr. 25.

The ALJ's opinion, and the record, demonstrate that Plaintiff's has repeatedly reported problems interacting with supervisors at work and other people. The state agency medical consultants opined that Plaintiff was moderately limited in his ability to accept instructions and respond appropriately to supervisors, in his ability to get along with coworkers, but not significantly limited in the ability to interact appropriately with the general public. Tr. 318. As Plaintiff points out in his brief, the record is replete with references in his progress notes and the reports of various examining and treating providers of Plaintiff's difficulties with interacting appropriately with others. Tr. 460, 465, 490, 523, 531.

As noted above, the ALJ is responsible for determining a claimant's RFC. *Ripley*, 67 F.3d at 557. "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of

weighing the evidence is the province of the ALJ.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*  However, the RFC must still be supported by substantial evidence in the record.  The ALJ found that the record did not support any further limitations imposed by Plaintiff's mental impairments beyond a limitation on contact with the public.  However, the evidence of record indicate Plaintiff's consistent reports of difficulty interacting appropriately with others, particular supervisors.  This is reflected in the treatment and progress notes of his providers, as well as in the reports of the consultative examiners.  The RFC finding indicates that Plaintiff should not have more than superficial contact with the public.  While the ALJ opined that the record as a whole did not support any further limitations as a result of Plaintiff's mental impairments, his own decision indicates that various examining psychologists or physicians have noted Plaintiff's history of problems with supervisors, employers, and other people.

The court therefore finds that the ALJ erred in evaluating Plaintiff's mental impairments because his determination that such impairments only limited Plaintiff to no more than superficial contact with the public and the RFC finding is not supported by substantial evidence.

Having found that the ALJ erred at step 3 of the sequential evaluation process, the court does not reach Plaintiff's additional claims of error.

## IV.  CONCLUSION

The court finds that the ALJ erred in evaluating Plaintiff's mental impairments and that such error requires a remand for further administrative action.  The ALJ's decision is not supported by substantial evidence in the record.  The decision of the Commissioner is therefore reversed, and this case shall be remanded for further administrative action.

Having found that the ALJ erred in evaluating Plaintiff's mental impairments at step three of the sequential evaluation process and having found that a remand for further administrative action is appropriate, the court does not reach Plaintiff's additional claims of error.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner denying Plaintiff's application for disability insurance benefits is **REVERSED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED**.  Upon remand the ALJ should further consider the limitations imposed by Plaintiff's mental impairments upon his ability to perform work related activity and to determine, if appropriate, whether Plaintiff can maintain employment.

 A judgment in accordance with this decision shall be entered.

**SO ORDERED.**

DATED this 24th day of March, 2010.

_____

**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**